■ EARL W. BRIAN, Appellant, v ELLIOT L. RICHARDSON, Respondent. [621 NYS2d 48] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about March 16, 1993, which granted defendant's motion to dismiss the libel action for failure to state a cause of action, unanimously affirmed, without costs.

A statement of opinion that implies a basis in facts which are not disclosed to the reader or listener is actionable not because it conveys a false opinion but rather because a reasonable listener or reader would infer that the speaker or writer knows certain facts, unknown to the audience, which support the opinion and are detrimental to the person toward whom the statement is directed *(Gross v New York Times Co.,* 82 NY2d 146, 153-154). A statement of opinion that is accompanied by a recitation of the facts on which it is based or one that does not imply the existence of undisclosed underlying facts is not actionable because "a proffered hypothesis that is offered after a full recitation of the facts on which it is based is readily understood by the audience as conjecture [citation omitted]" *(supra,* at 154). "In all cases, whether the challenged remark concerns criminality or some other defamatory category, the courts are obliged to consider the communication as a whole, as well as its immediate and broader social contexts, to determine whether the reasonable listener or reader is likely to understand the remark as an assertion of provable fact [citations omitted]" *(Gross v New York Times Co., supra,* at 155).

The alleged defamatory article appeared on the "Op Ed" page of the New York Times, a space reserved for the expres-

sion of opinion fostering debate on matters of public importance *(see, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, *cert denied* 500 US 954). The main point of the editorial was to persuade the reader that the circumstances involving the various allegations concerning the plaintiff and the Justice Department warrant the appointment of a special prosecutor *(see, Polish Am. Immigration Relief Comm. v Relax,* 189 AD2d 370, 373-374, explaining *McGill v Parker,* 179 AD2d 98, 110). There is an adequate identification of the sources of the "allegations" and "claims" as well as a sufficient identification of those sources' dubious nature, to make clear to the average reader or listener that the accusations in the article are "merely a personal surmise built upon those facts" *(Gross v New York Times Co., supra,* at 155). As such we find the offending passages nonactionable expressions of opinion. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.